HEATHER E. WILLIAMS, #122664
Federal Defender
HANNAH LABAREE, #294338
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710

Attorney for Defendant
GARY STEPHEN MAYNARD

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> GARY STEPHEN MAYNARD, <br><br> Defendant. | Case No. 3:21-mj-007 DMC <br><br> **MOTION TO REOPEN DETENTION DETENTION HEARING PURSUANT TO 18 U.S.C. § 3142(f)** <br><br> Date:   September 10, 2021 <br> Time:   2:00 p.m. <br> Judge:  Hon. Allison Claire |

Mr. Maynard moves the Court to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f) to consider new information material to the issue of detention or release.  He asks the Court to order him released to the residence noted below pursuant to 18 U.S.C. § 3142(a)(2) with an unsecured bond co-signed by his father and with additional conditions to be proposed by Pretrial Services.

**I.** **Procedural History**

Prior to Mr. Maynard's initial appearance on August 10, 2021, the government moved for detention via written filing. CR 5. Upon request by defense counsel, the detention hearing was delayed by one day. CR 6. At the further hearing, the government continued to move for

-1-

detention, defense counsel submitted on the issue and Mr. Maynard was ordered temporarily detained. CR 8.

Prior to the initial detention hearing Mr. Maynard was not interviewed by Pretrial Services. Mr. Maynard was detained as both a danger and a flight risk by Magistrate Judge Dennis M. Cota[1].

Mr. Maynard now moves to reopen the detention hearing based on information not known at the original hearing which is material to the determination under the Bail Reform Act at 18 U.S.C. § 3142 et seq. Specifically, Mr. Maynard proposes his father, Gary Maynard, as the co-signer on an unsecured bond, and asks for release to a room and board in Sacramento (details provided to the Pretrial Services Officer). Neither of these options were available at the time of the original hearing and bear materially on the issue of flight risk.

**II.     Legal Argument**

A.     <u>A detention hearing is not authorized under the Bail Reform Act in this case.</u>

The Bail Reform Act presumes a defendant's pretrial release. 18 U.S.C. § 3142(b). The government may only move for detention based on the presence of certain specified circumstances set forth in § 3142(f)(1),[2] and either the government or the Court may move for detention under § 3142 (f)(2), i.e, "in a case that involves – (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or

---

[1] The transcript of 8/11/2021 proceedings make clear that this was the judge's ruling, but the written detention order at CR 10 only denotes the "flight risk" prong as the basis for detention.

[2] The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community-- (1) upon motion of the attorney for the Government, in a case that involves--
(A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
(B) an offense for which the maximum sentence is life imprisonment or death;
(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
(D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
(E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; []. 18 U.S.C. § 3142(f)(1).

threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2).

    i.    *Detention Hearing Pursuant to 18 U.S.C. § 3142(f)(1)*

Neither the crime with which Mr. Maynard is charged, nor anything on his minor criminal history, authorizes a detention hearing under subsection (f)(1)[3]. Mr. Maynard is charged by Complaint with a violation of 18 U.S.C. § 1855 (Timber set afire), which is not an offense covered by any of the specified statutory circumstances described at 18 U.S.C. § 3142(f)(1).

    ii.    *Detention Hearing Pursuant to 18 U.S.C. § 3142(f)(2)*

The only possible legal avenue for a detention hearing in Mr. Maynard's case under subsection (f)(2). But Mr. Maynard does not pose a "serious risk of flight" as required for a hearing under this section.

Mr. Maynard is 47 years old. He has spent his professional life in higher education. As he described to the Pretrial Services Officer during his interview on September 8, 2021, he obtained a Bachelor's degree in Alaska and a PhD in Sociology out of Stony Brook University in New York. He has held employment as a professor[4] at various colleges in New York, Ohio, Tennessee, Michigan, and most recently, in California. It is the nature of the academic field that, pre-tenure, job opportunities arise across the country, and Mr. Maynard's career has followed that trajectory. His most recent employment was this past spring (2021): he taught a course at Chapman University in Orange, California and a course at Monterey Peninsula College.

---

[3] The original detention order in this case cited to subsection (f)(1) as the basis for the government's motion. However, the government's written filing did not cite to that provision as the basis; nor did counsel for the government cite to any particular provision of the Bail Reform Act on its oral motion on August 10 or 11, 2021.

[4] Mr. Maynard's reviews on "RateMyProfessor.com" are nearly uniformly positive. *See, e.g.,* https://www.ratemyprofessors.com/ShowRatings.jsp?tid=838126 (Stony Brook University, New York) ("I feel that I have learned the most from his class than any other course I have taken in college. Professor Maynard is excellent! He really cares about his students, and there is never a dull moment in his class.You'll look forward to going. If you have the opportunity to take a class with this guy do not miss it! Best professor I've had.") (May 13, 2011); *and see* https://www.ratemyprofessors.com/ShowRatings.jsp?tid=983898 (Molloy College, New York); https://www.ratemyprofessors.com/ShowRatings.jsp?tid=2201611 (University of Michigan-Flint); https://www.ratemyprofessors.com/ShowRatings.jsp?tid=2397405 (Delta College, Michigan).

Mr. Maynard has the financial and emotional support of his father, who is willing to co-sign an unsecured appearance bond on his behalf. Prior to his arrest, Mr. Maynard's permanent address was in San Jose at a home in which he had rented a room for the past year and a half or so. He does not plan to return there but has found a stable release residence in the Eastern District of California, at a reputable room and board with whom the social work team at the Federal Defender Office has a prior relationship, and which has a room available at its South Sacramento location. The owner of the room and board is aware of Mr. Maynard's pending charges. That room has been reserved by a deposit paid by Mr. Maynard's father, who is also willing to cover the monthly rent until Mr. Maynard is able to apply for unemployment[5] and get back on his feet after his time in custody.

Mr. Maynard has no record of failures to appear in court.

Any perceived risk as to Mr. Maynard's nonappearance in Court is conjecture and does not meet the statutory requirement at subsection (f)(2) -- that a detention hearing be authorized only where the defendant poses a *serious* risk of flight. *See* 18 U.S.C. § 3142(f)(2)(A). Nor is there any support for finding "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror," to alternatively warrant a detention hearing. *See* 18 U.S.C. § 3142(f)(2)(B).

    B.    <u>Even if this Court finds that a detention hearing is authorized ins this case, conditions can be fashioned to mitigate any risk of non-appearance and safety of the community.</u>

There are conditions that can be fashioned to reasonably assure the Court that Mr. Maynard will appear as ordered during the pendency of his case and to prison if the case results in the imposition of a custodial sentence, and of the safety of the community. The defense

---

[5] As of the writing of this motion, it is unclear what opportunities Mr. Maynard will have for college-level teaching work if released from custody.

presents the additional information on top of that provided above related to Mr. Maynard's personal characteristics.

In the case of further Zoom appearances, Mr. Maynard can rely on public transportation[6] to travel from the proposed release location in South Sacramento to the Federal Defender Office, where he can use the office technology to make his appearances via videoteleconference. Alternatively, he will obtain a smartphone device that is able to support the Zoom application (as well as facilitate regular contact with Pretrial Services). If this Court is to re-open during the pendency of Mr. Maynard's case, he can rely on public transport to travel to downtown Sacramento for in-person appearances.

As noted at footnote 6, Mr. Maynard does not have access to a vehicle and will be, in a practical sense, bound to the Sacramento area while on Pretrial release. In addition, if this Court finds it necessary to mitigate any "serious risk of flight" or danger to the community, it may impose a curfew to be enforced by location monitoring. In this way, Pretrial Services may track Mr. Maynard's whereabouts and ensure that any deviation from the curfew hours be caught quickly.

**III.   Release Plan**

If released, Mr. Maynard will reside at the address of the room and board, as provided to Pretrial Services.[7] His appearance will be secured by a bond co-signed by his father. His father is a retiree living in Arizona with his wife of 41 years. Both his father and stepmother are supportive of Gary. They would allow him to live with them, but their living situation does not permit them to make such an offer.

---

[6] Mr. Maynard's car was seized at the time of arrest as evidence in the instant case.
[7] For the privacy of the room and board residents as well as Mr. Maynard, undersigned counsel prefers not to file that address on the public record.

Mr. Maynard, being unemployed, will be able to apply for unemployment insurance as well as EBT assistance (food stamps). Prior to his arrest, he was receiving food stamps for about one month. The Federal Defender Office will assist him in seeking longer term low-cost apartment. With these resources in addition to those provided by his father, he can support himself. He hopes to secure employment again in his chosen field, but recognizes that the instant case may have a negative effect on those prospects.

### IV.     Conclusion

Mr. Maynard is respectfully requesting his release from custody onto pretrial release. His appearance is to be secured by an unsecured appearance bond co-signed by his father. He is ready and willing to be subject to location monitoring and weekly check-ins with Pretrial Services along with all other standard conditions of release such as travel restrictions, along with any stay-away orders or other conditions this Court deems necessary to reasonably assure the safety of the community and Mr. Maynard's future appearance in Court. Pretrial incarceration is not the "least restrictive further condition, or combination of conditions" necessary to accomplish this goal. *See* 18 U.S.C. § 3142(c)(1)(B).[8]

---

[8] The Bail Reform Act sets forth a non-exclusive list of possible conditions to be imposed by this Court: (i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;
(ii) maintain employment, or, if unemployed, actively seek employment;
(iii) maintain or commence an educational program;
(iv) abide by specified restrictions on personal associations, place of abode, or travel;
(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;
(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
(vii) comply with a specified curfew;
(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;
(ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;
(x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;
(xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | HEATHER E. WILLIAMS<br>Federal Defender |
| Dated:  September 9, 2021 | /s/ *Hannah Labaree*<br>HANNAH LABAREE<br>Assistant Federal Defender<br>Attorney for GARY MAYNARD |

court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require;

(xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;

(xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and

(xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

18 U.S.C. § 3142(c)(1)(B)(i).